**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Kappler, | No. CV-24-00274-TUC-AMM |
| Plaintiff, | **ORDER** |
| v. | |
| VA Medical Center, et al., | |
| Defendants. | |

Pending before the Court is Defendant United States of America's Motion to Dismiss for Lack of Jurisdiction. (Doc. 4.) Plaintiff David Kappler, proceeding pro se, did not respond.[1] For the following reasons, the Court will grant the motion.

**I.    Background**

On June 20, 2023, Plaintiff filed this medical malpractice action against the "Veterans Affairs Hospital" and Jennifer Gutowski, Director of the Southern Arizona Veterans Affairs Health Care System. (Doc. 1-4 at 2.) Plaintiff alleges that he underwent surgery at the VA Medical Center in Tucson, Arizona and suffered lasting complications. (*Id.* at 3–4, 5, 7–11.) On May 29, 2024, Defendant United States of America[2] removed

---

[1] Over the course of six months, the Court granted five requests to extend Plaintiff's deadline to respond to the Motion to Dismiss. (Docs. 8, 11, 15, 18–19.) The Court denied his final extension requests (Docs. 24, 28) and denied his Motion to Continue Lawsuit (Doc. 32).

[2] The Department of Veterans Affairs, which operates the VA Medical Center, is an agency of the United States of America. (Doc. 1 at 1.) Accordingly, the United States is the proper defendant in an action under the Federal Tort Claims Act ("FTCA"). *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam) (citing 28 U.S.C. § 2679(a)). The Pima County Superior Court dismissed Defendant Gutowski for lack of service of process. (Doc. 1-8 at 19–20.)

1   this action to the U.S. District Court for the District of Arizona. (Doc. 1.)

2       Upon removal, Defendant filed a Motion to Dismiss arguing that the Court lacks

3   subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies

4   under the Federal Tort Claims Act ("FTCA"). (Doc. 4.) Specifically, Defendant asserts

5   Plaintiff failed to present his claim to the VA and wait for a final denial before he filed

6   his lawsuit. (*Id.* at 5.) Defendant includes a sworn declaration from Jenny Mai, a Staff

7   Attorney with the VA Torts Law Group who avers that the VA "has not received any

8   administrative claim from David Kappler regarding a June 21, 2021 surgery, and

9   accordingly, has not denied such a claim." (Doc. 4-1 at 2–3.)

10      **II.    Standard of Review**

11      "[A] federal court may not entertain an action over which it has no jurisdiction."

12  *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000); Fed. R. Civ. P. 12(h)(3) ("If

13  the court determines at any time that it lacks subject matter jurisdiction, the court must

14  dismiss the action."). A defendant may also move to dismiss for lack of subject matter

15  jurisdiction. Fed. R. Civ. P. 12(b)(1). On a motion to dismiss pursuant to Rule 12(b)(1),

16  the Court is not "restricted to the face of the pleadings, but may review and evidence,

17  such as affidavits and testimony, to resolve factual disputes concerning the existence of

18  jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

19      As a sovereign, the United States is generally immune from suit unless it waives

20  sovereign immunity by consenting to be sued. *Dunn & Black, P.S. v. United States*, 492

21  F.3d 1084, 1088 (9th Cir. 2007) (quoting *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th

22  Cir. 1985)). This waiver of sovereign immunity "cannot be implied, but must be

23  unequivocally expressed." *Id.* Otherwise, "dismissal of the action is required . . .

24  [because] the existence of such consent is a prerequisite for jurisdiction." *Id.*

25      Under the FTCA, the United States has waived sovereign immunity for tort

26  liability "under circumstances where the United States, if a private person, would be

27  liable to the claimant in accordance with the law of the place where the act or omission

28  occurred." 28 U.S.C. § 1346(b)(1). However, the plaintiff must satisfy procedural

jurisdictional requirements before he can bring a tort claim against the United States. 28 U.S.C. § 2675(a); *see also Munns v. Kerry*, 782 F.3d 402, 413 (9th Cir. 2015) (holding the United States did not waive sovereign immunity when plaintiffs failed to exhaust their administrative remedies under the FTCA). The FTCA requires (1) the claimant to have "first presented the claim to the appropriate Federal agency" and (2) for the claim to "have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). It specifies that if more than six months have passed without the agency issuing a final disposition of the claim, the claimant may construe this as a final denial. *Id.* A claimant does not present the claim within the meaning of the statute unless the federal agency receives a "Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a).

The "plaintiff bears the burden of persuading the court that it has subject matter jurisdiction under the FTCA's general waiver of immunity." *Prescott v. United States*, 973 F.2d 696, 701 (9th Cir. 1992) (citing 28 U.S.C. § 1346(b)). In other words, the plaintiff must establish that he satisfied the procedural requirements of the FTCA and that the Court, therefore, has subject matter jurisdiction. "A district court may dismiss a pro se complaint for failure to allege compliance with the FTCA's administrative exhaustion requirement if it clearly appears that the deficiency cannot be overcome by amendment." *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1140 (9th Cir. 2013) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980)).

### III.    Analysis

The Court will dismiss this action. Plaintiff included with his Complaint a completed Standard Form 95, but it appears he never presented this form to the VA. (Doc. 1-4 at 14.) Plaintiff makes no argument that he submitted the form to the VA. Moreover, Plaintiff signed the form on June 12, 2023 and filed suit in Pima County Superior Court on June 20, 2023. (*Id.* at 2, 14.) Therefore, even if Plaintiff had submitted

the completed Standard Form 95 to the VA, he did not wait for a final denial or a six-month period before filing his lawsuit.

In his Motion to Continue Lawsuit, Plaintiff states he "did not know the rules" and "the instructions for suing the VA were not clear."[3] (Doc. 26 at 2.) This does not alter the fact that Plaintiff did not satisfy the procedural requirements to show that the United States waived sovereign immunity as to his claim. Having determined that it lacks subject matter jurisdiction, the Court must dismiss Plaintiff's action. Fed. R. Civ. P. 12(h)(3). The Court finds that amendment would be futile.

**IV.    Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **GRANTED**. (Doc. 4.) This matter is **DISMISSED**. The Clerk of Court shall docket accordingly, term any pending motions, and close the file in this case.

Dated this 14th day of February, 2025.

Honorable Angela M. Martinez
United States District Judge

---

[3] The Court construed Plaintiff's Motion to Continue Lawsuit as a motion to stay and denied Plaintiff's request to further delay decision on the Motion to Dismiss. (Doc. 32.) However, the Court noted, "[t]o the extent Plaintiff intends this statement to address Defendant's Motion to Dismiss, the Court will consider it when deciding the Motion to Dismiss." (*Id.* at 5 n. 4.)